# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| 1-800 Bathtub LLC, a Michigan Limited Liability Company, and Hersch's Inc., a Michigan corporation, | Case No. 20-10970 |
| Plaintiffs, | Judith E. Levy<br>United States District Judge |
| v. | Mag. Judge R. Steven Whalen |
| Windstream Communications LLC, a Delaware Limited Liability Company, and Patriot Communications LLC, a Delaware Limited Liability Company, | |
| Defendants. | |
| _____/ | |

## OPINION AND ORDER GRANTING REBATH LLC'S MOTION TO INTERVENE [9]

Before the Court is ReBath LLC's motion to intervene under Federal Rule of Civil Procedure 24. In its motion, ReBath asserts that this case is related to arbitration proceedings between it and Plaintiff 1-800 Bathtub LLC ("Bathtub"). According to ReBath, ReBath and Bathtub spent nearly a year and a half arbitrating "the very same factual allegations raised by [Plaintiffs'] Complaint in this action." (ECF No. 9,

PageID.50.) In their arbitration matter, the arbitrator's award was issued on March 19, 2020, and there is a pending action to vacate the arbitration award in the State of Michigan, Wayne County Circuit Court. (ECF No. 9-2 PageID.34–170.)

For the reasons set forth below, ReBath's motion to intervene is GRANTED.

## I. Background

Plaintiffs filed the complaint in this case on April 20, 2020 against Defendants Windstream Communications, LLC ("Windstream") and Patriot Communications, LLC ("Patriot"). (ECF No. 1.) Counsel for Patriot filed appearances on May 13 and 14, 2020. (ECF Nos. 6, 8.) Patriot and Plaintiffs stipulated to an enlargement of time by which Patriot was due to respond to the Complaint to June 15, 2020. (ECF No. 7.) ReBath filed its motion to intervene on June 15, 2020, and Patriot filed a motion to dismiss later that same day. (ECF Nos. 9, 10.) Accordingly, ReBath moved before any responsive pleadings were filed by Defendants.

The Court has also now learned that Windstream filed for bankruptcy protection in the Bankruptcy Court for the Southern District

of New York. *See In re: Windstream Holdings, Inc.*, No. 19-22312 (Bankr. S.D.N.Y.) (administered jointly with Bankruptcy Petition No. 19-22433 for Windstream Communications, LLC.) Windstream has not appeared or responded in this case.

ReBath argues that the only difference between this case and its arbitration proceeding with Bathtub is that here, Bathtub accuses Patriot and Windstream of "aiding" ReBath in its alleged scheme to take over the 1-800 Bathtub number away from Bathtub. Otherwise, it argues, the claims in this case are identical to that in the Wayne County Circuit Court to confirm or vacate the arbitration award. ReBath argues that it should be permitted to intervene and move for dismissal of Bathtub's case; otherwise, this case could lead to a potential "double recovery" for Bathtub.

## II. Legal Standard

Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

3

The Sixth Circuit has laid out four criteria that a party moving to intervene must satisfy: "(1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). In general, "Rule 24 should be broadly construed in favor of potential intervenors." *Oakland County v. Fed. Nat'l Mortgage Ass'n*, 276 F.R.D. 491, 498 (E.D. Mich. 2011) (internal citations omitted).

### III. Analysis

With respect to timeliness, courts have considered factors such as the progression of the case, the length of time an intervenor knew or reasonably should have known of its interest in the case, and prejudice to the original parties due to intervention. *See Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984). In this case, ReBath moved before any Defendant responded to the complaint. Under these circumstances, ReBath's motion is timely.

With respect to the second factor, there is no uniform definition of "substantial interest." Fed. Prac. & Proc. Civ. §1908.1 (3d ed.). The Supreme Court touched upon this question in *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129 (1967), and the Sixth Circuit has held that "a fair interpretation of the [*Cascade*] decision would indicate that the term 'interest' in the amended Rule 24(a) should be construed liberally." *Hatton v. County Bd. of Ed. of Maury County, Tenn.*, 422 F.2d 457, 461 (6th Cir. 1970). Here, ReBath alleges that it has a contractual relationship to Patriot which includes an indemnification clause. (ECF No. 9, PageID.51.) It argues that its indemnification obligations to Patriot may be triggered by the outcome of this case. It also argues that ReBath's unique knowledge of the facts underlying Plaintiffs' claims make it an essential party. The second factor is thus satisfied.

As for the third factor, "Rule 24(a) does not require the intervenor to show that the interest will be impaired; it only has to demonstrate that it is possible." *Oakland County,* 276 F.R.D. at 498 (citing *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir.1991)). In this case, ReBath argues that this action is "identical" to the post-arbitration it has pending in

5

state court. This, along with its arguments regarding its potential obligation to indemnify Patriot, satisfy this factor.

Finally, ReBath must show that the current parties to the underlying lawsuit cannot adequately represent its interests. This burden, however, is "minimal." *Triax* 724 F.2d at 1227. An intervenor must only show that the representation *may* be inadequate. *Ne. Ohio Coal for Homeless and Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006). There are no allegations that any other party presently involved in the case has any affiliation with ReBath, and thus any interest held by ReBath in the subject matter of this litigation may not be represented if it is not permitted to intervene. Thus, the Court finds that the current representation may be inadequate.

Accordingly, ReBath's has met the criteria to intervene as of right. Having found that ReBath may intervene as of right, the Court need not evaluate permissive intervention under Rule 24(b).

## IV. Conclusion

For the reasons set forth above, the Court GRANTS ReBath's motion to intervene. (ECF No. 9.) ReBath must file the motion to dismiss or grant stay attached to its motion as Exhibit A within fourteen (14)

6

days of the date of this Order. Plaintiff may respond to ReBath's motion as provided in the Federal Rules of Civil Procedure and Local Rules of this Court.

IT IS SO ORDERED.

Dated: July 20, 2020  　　　　s/Judith E. Levy
Ann Arbor, Michigan  　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2020.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager